UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HORACE BRABHAM,

                Plaintiff,

– *against* –

PEACE OF MIND TECHNOLOGIES, LLC *and* JUSTWORKS EMPLOYMENT GROUP LLC,

                Defendants.

**ORDER & OPINION**

24-cv-8232 (ER)

RAMOS, D.J.:

      Horace Brabham brought this action against Peace of Mind Technologies, LLC and Justworks Employment Group LLC (collectively "Defendants") on October 29, 2024. Doc. 1. He alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the the Family and Medical Leave Act ("FMLA"). *Id.* ¶¶ 1–4. Brabham claimed that Defendants failed to pay him overtime compensation, failed to provide proper wage notices and statements, and that he is entitled lost income, including back pay and front pay or reinstatement, lost benefits, other losses and damages caused, as well as interest and maximum liquidated damages. *Id.* ¶¶ 1–4. Before the Court is the parties' motion for approval of their settlement agreement. Doc. 29. For the following reasons, the motion for settlement approval is GRANTED.

I. **LEGAL STANDARD**

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v.*

*Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

      Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II.  DISCUSSION

### A.  Range of Recovery

      The proposed settlement agreement provides a total recovery of $42,500.  Doc. 29 at 2.  Pursuant to the agreement, Brabham's counsel will receive approximately one third of the total settlement amount, specifically, $14,536 in attorneys' fees and costs.  *Id.* at 3.  After attorneys' fees and costs, Brabham will receive $27,964.  *Id.*

      Brabham estimates that his maximum recovery would be approximately $91,326.  *Id.* at 2.  Specifically, he estimates that he is entitled to recover $69,476 under the NYLL six-year statute of limitations period, including about $25,504 in unpaid overtime wages under the FLSA two-year statute of limitations period for non-willful violations, with an

2

additional $10,000 from his wage notice and wage statement claims, and approximately $11,850 for unpaid reimbursements. *Id.* at 2–3.

In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Institute, Inc.,* No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Brabham receiving a settlement without experiencing the risks and delays inherent in litigation.

Furthermore, Brabham's counsel notes that there were contested disputes that went to the heart of his claims, and that Defendants contested both the hours he alleges he worked and the period of employment. *Id.* at 3. Brabham's counsel also notes that Defendants raised certain exemption issues and whether certain on-call time is compensable. *Id.* Brabham believes the settlement is reasonable in light of these uncertainties. *Id.* at 2.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.,* No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Brabham. *See Garcia v. Good for Life by 81, Inc.,* No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). And the settlement resulted from arm's length negotiations in which the parties were represented by experienced attorneys in the area of wage and hour litigation. Doc. 29 at 3.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court concludes that the proposed attorneys' fees and costs are reasonable. Brabham's counsel will receive $14,536 in attorneys' fees and costs, which is approximately one third of the settlement. *Id.* at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Trust Company*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Brabham's counsel has submitted billing records for one attorney in this case: Abdul K. Hassan, attorney and founder of Abdul Hassan Law Group, PLLC, who bills at a rate of $500 per hour. Doc. 29-3 at 3–5.

As to Hassan, the Court finds that the hourly rate of $500 is reasonable. *See Redzepagic v. Hammer*, 14-cv-9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving named partner's billing rate of $500.00 per hour); *see also Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners). Hassan's hourly rate is commensurate with other similarly experienced partners in the field.

Brabham's counsel, Hassan, seeks a total of $14,536 in attorneys' fees and costs, $13,981 of which represent attorneys' fees. Doc. 29 at 3. The records submitted by Hassan show that he spent 20.99 hours on the case, resulting in a total lodestar of $9,926.14. Doc. 29-3. The lodestar of $9,926.14, compared to the requested $13,981 of the settlement, results in a lodestar multiplier of approximately 1.41. Courts in this

4

District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.41 and determines that $14,536 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 29-1; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Brabham's obligations under the agreement, the release appropriately discharges claims pursuant to Brabham's wage-and-hour allegations, including his claims under the FLSA and the NYLL, "and/or any other federal wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages or compensation." Doc. 29-2 at 3; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no confidentiality or non-disparagement provisions. *See generally* Doc 29-1.

### III. CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 29, and close the case.

It is SO ORDERED.

Dated: August 26, 2025
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.